IN RE INTEREST OF C.N.S. AND A.I.S., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. J.S., APPELLANT.
451 N.W.2d 275

Filed February 9, 1990.    No. 89-395.

James S. Jansen, of Stave, Coffey, Swenson, Jansen & Schatz, P.C., for appellant.

Ronald L. Staskiewicz, Douglas County Attorney, and Elizabeth G. Crnkovich for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

The mother appeals from the order of the separate juvenile court of Douglas County terminating her parental rights to her two minor sons, born February 11, 1983, and July 20, 1984. Assigned as error are the finding that the mother failed to comply with the court-ordered rehabilitation plan and the finding that the termination was in the best interests of the minor children. We affirm.

In an appeal from a judgment terminating parental rights, the Supreme Court tries factual questions de novo on the record, which requires the Supreme Court to reach a conclusion independent of the findings of the trial court, but where the evidence is in conflict, the Supreme Court considers and may give weight to the trial court's observation of the witnesses and acceptance of one version of the facts rather than another. *In re Interest of R.T. and R.T.*, 233 Neb. 483, 446 N.W.2d 12 (1989); *In re Interest of J.H. et al.*, 233 Neb. 338, 445 N.W.2d 599 (1989).

The juvenile court has discretionary power to prescribe a reasonable plan for parental rehabilitation to correct conditions underlying the adjudication that a child is a juvenile within the juvenile code. *In re Interest of J.H. et al., supra*; *In re Interest of P.M.C.*, 231 Neb. 701, 437 N.W.2d 786 (1989). A parent's failure to make reasonable efforts to comply with a court-ordered plan of rehabilitation designed to reunite the parent with the child presents an independent reason justifying termination of parental rights. *In re Interest of J.H. et al., supra*; *In re Interest of P.M.C., supra*.

A judgment terminating parental rights pursuant to Neb. Rev. Stat. § 43-292(6) (Reissue 1988) will be affirmed where the State has proved by clear and convincing evidence that (1) the parent has willfully failed to comply, in whole or in part, with a material provision of the rehabilitative plan, and (2) termination of parental rights is in the best interests of the

children. *In re Interest of R. T. and R. T., supra; In re Interest of J.H. et al., supra; In re Interest of E.B.,* 232 Neb. 653, 441 N.W.2d 637 (1989).

This case presents a documented history of nearly 4 years of a mother's unsuccessful and rather indifferent battle with drug and alcohol abuse, failure to pursue counseling and therapy, persistence in unlawful activities, and disregard for the best interests of her children.

To her credit, on September 25, 1985, the mother, incarcerated for assault and battery, destruction of property, and disorderly conduct, called the Visiting Nurses Association in Omaha and expressed concern about her children's needing someone to look after them. They had been left with a man who did not have a job and was being evicted from his residence and who had no apparent notion as to how to care for these children. The children were picked up by the police and placed in protective custody.

A petition alleging the minor children to be juveniles within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988) was filed by the county attorney on October 17, 1985. Following a detention hearing on November 6, 1985, the children were ordered to remain in the custody of the Department of Social Services for foster home placement. At a February 5, 1986, hearing, the children were adjudged to be children within § 43-247(3)(a).

On April 25, 1986, a series of court orders began, directing the mother to comply with rehabilitative plans which were from time to time amended. However, generally speaking, all of the plans included provisions for drug and alcohol evaluation and counseling, cooperation with the various caseworkers involved in the mother's case, maintaining adequate and independent housing, participation in parenting programs, and advising the mother's caseworker of changes in her residence.

A review hearing was held on July 25, 1986, at which time the mother was instructed to engage in specific parenting classes, specific therapy sessions, and attendance at Al-Anon meetings, and to submit to drug screenings. Further review hearings with some adjustments in the rehabilitation plans or programs were held on October 27, 1986, April 27, 1987, October 1, 1987,

April 6, 1988, and July 11, 1988.

In the meantime, on January 14, 1987, a chemical abuse assessment was completed on the mother which disclosed, in the opinion of the evaluator, that the mother was chemically dependent. In February 1987, after more than a year in foster care, the children were returned to the mother's home in conjunction with the Family Intervention and Treatment Service (FITS) program. On April 4, 1987, the children were picked up by the police at 2 a.m., wandering the halls of appellant's apartment building. The mother had gone out and left the children with a friend. The mother never disclosed where she had been. The children were returned to the mother a few days later.

At the April 27, 1987, hearing, the mother mentioned her desire to move to Minneapolis to avoid an abusive boyfriend who would soon be getting out of jail. She did move to Minneapolis in May 1987. The court expressed a desire that the authorities in Minnesota become involved in the children's cases.

On June 2, 1987, the mother was arrested in Minneapolis for assault, possession of narcotics, and carrying drug paraphernalia. The children were found alone in the mother's apartment and had been alone for most of the previous 7 days. They were returned to Omaha on July 1 and put back in foster care. The mother did not return to Omaha until the latter part of August or first part of September, after her probation had ended.

Various review hearings and attempts at rehabilitation of the mother continued as previously detailed. The mother never successfully completed chemical dependency treatment because she quit attending sessions after she became angry with the counselor and did not return.

The mother failed to attend the July 11, 1988, review hearing because she was being held on a misdemeanor forgery warrant. Following the termination hearing on March 30, 1989, the termination order being considered on this appeal was entered.

The various rehabilitative plans were reasonable. The State has proved by clear and convincing evidence that the mother has willfully failed to comply with the various plans and that

termination of her parental rights is in the best interests of the children.

Where parents are unable or unwilling to rehabilitate themselves within a reasonable time, the best interests of the children require termination of parental rights. *In re Interest of J.H. et al.*, 233 Neb. 338, 445 N.W.2d 599 (1989); *In re Interest of Q.R. and D.R.*, 231 Neb. 791, 438 N.W.2d 146 (1989). A child cannot, and should not, be suspended in foster care, nor be made to await uncertain parental maturity. *In re Interest of R.T. and R.T.*, 233 Neb. 483, 446 N.W.2d 12 (1989); *In re Interest of S.C., S.J., and B.C.*, 232 Neb. 80, 439 N.W.2d 500 (1989).

The judgment of the separate juvenile court is affirmed.

AFFIRMED.