IN RE INTEREST OF V.M., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. D.M., APPELLANT.
457 N.W.2d 288

Filed July 6, 1990.   No. 89-1265.

Michael H. Powell, of Powell & Powell, for appellant.

Michael J. Owens, Hamilton County Attorney, and Timothy J. Otto, guardian ad litem, of Whitney, Newman, Mersch & Otto, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The appellant is the mother of a daughter that was born out of wedlock on May 9, 1986. She has appealed from the judgment of the county court on October 3, 1989, which terminated her parental rights to her daughter. The father relinquished his parental rights on October 30, 1989, and his rights are not involved in this appeal.

On October 20, 1987, a petition was filed alleging that the daughter was a child within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988), being under 18 years of age and homeless or destitute, or without proper support through no fault of her parent, or lacking proper parental care by reason of the fault or habits of her parent. At approximately 4:12 a.m. on that date, an Aurora, Nebraska, police officer found the appellant running in the street with only a sheet wrapped around her. Apparently, she was hallucinating from LSD, or acid, which she had taken. The appellant had left her daughter alone in her mobile home.

The appellant was admitted for treatment at Mary Lanning Hospital, and the child was placed in the temporary custody of the Department of Social Services (DSS) for foster care.

At the adjudication hearing on November 12, 1987, the appellant admitted that her daughter was a child as described in § 43-247(3)(a). The trial court ordered seven requirements for reunification of the appellant and her daughter. At a review hearing on June 21, 1988, the court added another four requirements. The eleven requirements for reunification were that (1) appellant continue participation as recommended in individual therapy with Dr. Dennison and follow any other

recommendations set forth by Dr. Sullivan at Mary Lanning Hospital; (2) appellant participate in regular visitations with her daughter as set forth by DSS; (3) appellant sign release of information forms for agencies she has been involved with in the past, in addition to agencies she may become involved with in the future; (4) appellant cooperate with and inform DSS of any significant changes in her situation, which is to include, but is not limited to, changes in her health, employment, housing, and legal or marital situation; (5) appellant consent to urine testing if drug use is suspected; (6) appellant seek employment or have a plan in mind for her future so that reunification plans for her and her child may proceed; (7) appellant work on obtaining living arrangements for her and her child; (8) appellant shall accept services as directed by DSS which may include working with a family support provider and/or a family therapist; (9) appellant shall abstain from alcohol and drug usage, and she shall continue to consent to urine testing if usage is suspected; (10) appellant shall enter into individual drug counseling after she has been released from her medication by Dr. Dennison; and (11) appellant is required not to maintain a relationship with a significant other who imbibes in alcohol or uses drugs not prescribed by a physician.

These requirements for reunification were continued in orders entered by the court following review hearings on October 11 and November 1, 1988, and June 6, 1989.

Between October 20, 1987, and July 2, 1989, the appellant was hospitalized four times for mental illness. She was diagnosed as suffering from chronic undifferentiated schizophrenia. The reason for the hospitalizations was the appellant's failure to take prescribed medications to control her condition and her use of alcohol and illegal drugs. Also during that time, the appellant on four separate occasions expressed to DSS workers her desire to relinquish her parental rights. Also, she twice attempted to commit suicide.

A petition to terminate her parental rights was filed July 28, 1989, alleging that the appellant was unable to discharge parental responsibilities because of mental illness, and there were reasonable grounds to believe her condition would continue for a prolonged indeterminate period, and that the

appellant had failed to correct the conditions which led to the court's determination that her daughter was a child as described in § 43-247(3)(a).

Following an evidential hearing on September 20, 1989, the court found that the State had proved by clear and convincing evidence both allegations of the petition and that it was in the daughter's best interests that the appellant's parental rights be terminated. On October 3, 1989, an order was entered terminating the appellant's parental rights.

The appellant has assigned as error the trial court's finding that the State had proved by clear and convincing evidence both allegations of the petition and its determination that it was in the daughter's best interests that the appellant's parental rights be terminated.

In an appeal from a judgment terminating parental rights, the Supreme Court tries factual questions de novo on the record, which requires it to reach a conclusion independent of the findings of the trial court, but, where evidence is in conflict, the Supreme Court considers and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another.

*In re Interest of T.E., S.E., and R.E.,* ante p. 420, 421, 455 N.W.2d 562, 563 (1990), citing *In re Interest of M.M., C.M., and D.M.,* 234 Neb. 839, 452 N.W.2d 753 (1990).

A parent's failure to make reasonable efforts to comply with a court-ordered plan of rehabilitation designed to reunite the parent with the child is an independent reason to justify termination of parental rights, and when a parent is unable or unwilling to rehabilitate herself within a reasonable period of time, the best interests of the child require termination of parental rights. *In re Interest of J.H. et al.,* 233 Neb. 338, 445 N.W.2d 599 (1989).

Where a parent is unable to discharge parental responsibilities because of mental illness, and where there are reasonable grounds to believe that such deficiency will continue for a prolonged and indeterminate period, parental rights may be terminated when such action is found to be in the best interests of the child. *In re Interest of T.E., S.E., and R.E.,*

*supra.*

As to the appellant's compliance or lack of compliance with the plan for rehabilitation, the evidence shows her attendance for therapy sessions with Dr. Dennison was irregular; visitations with her daughter were irregular and not productive in that she usually did not interact with the child and frequently slept during the visits; she signed release of information forms; she did not keep DSS advised of all significant changes in her situation; she did consent to urine testing, which revealed she had smoked marijuana; she did not follow up on job applications; she did not work on obtaining living arrangements for herself and the child; she refused to accept the services of DSS at various times; she continued to drink alcohol and use illegal drugs; she could not participate in drug and alcohol counseling because she was not released from her medication by Dr. Dennison; and she continued to maintain a relationship with Stacey Friesen, an illegal drug user. The appellant admitted at the evidential hearing that she had not complied with the plan and that although she wanted another chance to get her daughter returned to her custody, she would only cooperate with DSS because she had to.

Dr. Dennison testified that the appellant's condition could be controlled by medication, but that medication was not a cure. The appellant's history of staying on the medications prescribed by Dr. Dennison was sporadic. She would stay on the medications for 1 to 3 months and then disappear from treatment until she showed up in the hospital again. While the appellant was on the medication, she did well; however, she was unable to continue with her medication for more than a few months at a time, and she continued to use drugs and alcohol, which interfered with the effectiveness of the medication and which could also have caused an exacerbation of the illness. Dr. Dennison stated that if the appellant did not follow the recommended treatment, she would have repeated exacerbations of her illness during the rest of her life.

A person with the appellant's condition could make a good parent if he or she followed the treatment plan, Dr. Dennison testified, but if the treatment was not followed, a person with the appellant's condition could lose touch with reality,

hallucinate, misidentify her child, and be unable to provide for her child's needs. As to the appellant's ability to parent her child, Dr. Dennison testified that he was not sure that taking her medication and not abusing substances would alone qualify the appellant as a good parent; however, her chances of being a better parent would be enhanced. He further testified that he had no personal knowledge as to whether the appellant's illness affected her parental abilities adversely or whether the appellant would improve her parental abilities upon complying with his recommended treatment.

The appellant testified that since July 2, 1989, she had made a definite decision not to relinquish her parental rights, she had established her own residence, she had obtained employment, she was paying her own rent and utilities, she was taking her medication as prescribed and was not drinking alcohol or taking illegal drugs, she was involved in therapy to help her understand her mental illness, and she requested visitation with her daughter which was denied. The appellant believed that at that point she was doing what was required of her for reunification with her daughter, and she wanted another chance to regain custody of her daughter.

The appellant is not asking this court to return custody of her daughter to her at this time. She requests the case be continued in the county court so that she can continue to make progress in order to have her daughter returned at a later time.

As we stated in *In re Interest of D.*, 218 Neb. 23, 28, 352 N.W.2d 566, 570 (1984):

> As all too frequently occurs in cases such as the one before us, the enthusiasm or receptivity of a parent toward a rehabilitation program seems to intensify as the time for a dispositional hearing approaches. A practical program of parental rehabilitation should not be viewed as our system's indulgent toleration of an otherwise intolerable situation. A parent afforded a program of rehabilitation must realize that the courts will examine a pattern of parental conduct in determining an appropriate disposition for the best interests of a child. In cases such as this the past is an indication of the future. Failure of a parent's good faith effort toward rehabilitation to correct

a situation injurious to the life and normal development of a child may cause a court to conclude that a parent's past offers no future for the child.

The child has now been in foster care for over 2¹/₂ years. Her current foster family is willing to adopt her.

When a natural parent suffers from a mental illness and cannot be rehabilitated within a reasonable time, the best interests of the child require a final disposition be made without delay. *In re Interest of T.E., S.E., and R.E., ante* p. 420, 455 N.W.2d 562 (1990). " 'A child cannot, and should not, be suspended in foster care, nor be made to await uncertain parental maturity.' " *Id.* at 423, 455 N.W.2d at 564, quoting *In re Interest of C.N.S. and A.I.S.,* 234 Neb. 406, 451 N.W.2d 275 (1990).

The evidence in this case is clear and convincing that the appellant failed to comply with the plan for rehabilitation, that she is unable to discharge her parental responsibilities because of her mental deficiency, that there are reasonable grounds to believe her mental condition will continue for a prolonged and indeterminate period, and that it is in the child's best interests that the appellant's parental rights be terminated. The judgment is, therefore, affirmed.

AFFIRMED.