IN RE INTEREST OF A.B., A.B., J.B., J.B., AND J.B., CHILDREN
UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. J.E., APPELLANT.
460 N.W.2d 114

Filed September 14, 1990.   No. 90-051.

Dean N. Hansen for appellant.

Ted S. Griess, Clay County Attorney, and Jay J. Sullivan, guardian ad litem, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This is an appeal in a termination of parental rights case. The appellant's parental rights to her five children were terminated by an order of the county court on November 28, 1989. She has appealed from the judgment and has assigned as error the trial court's finding that the State had proved by clear and convincing evidence that the appellant had failed to comply with the plan for rehabilitation and the court's determination that it was in the children's best interests that the appellant's parental rights be terminated. The appellant argues that the trial court erred in finding that she failed to comply with the plan because her failure to comply, if any, was not "willful" and because she was not given enough time to comply with the plan.

This court reviews factual questions de novo on the record in an appeal from a judgment terminating parental rights. We are required to reach a conclusion independent of the findings of the trial court; however, where the evidence is conflicting, the Supreme Court will consider and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over another. *In re Interest of V.M.*, 235 Neb. 724, 457 N.W.2d 288 (1990).

The father relinquished his parental rights on August 11, 1989, and his rights are not involved in this appeal.

The record shows that on January 17, 1989, all five children were removed from the family home and placed in the temporary custody of the State following an investigation by the Nebraska Department of Social Services of the oldest child's complaint to school authorities that her stepfather had been sexually abusing her. The oldest child is a daughter born August 30, 1977.

Following an adjudication hearing on March 21, 1989, the children were found to be within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988), being under 18 years of age and lacking proper parental care by reason of the fault or habits of their parents.

A plan for reunification was ordered on March 28, 1989, and a second plan, extending the time requirements of the original plan, was ordered on June 6, 1989. The appellant was required to (1) undergo a psychological and drug/alcohol evaluation to

assess her needs and problems in parenting; (2) begin counseling with a therapist, Sandy Kroeker, and the oldest child to work on sexual abuse issues; (3) begin counseling with the stepfather to determine what role he plays in the family; (4) continue visitation in a therapeutic situation, increasing her parental skills in appropriate discipline; (5) take and successfully complete a parenting class; and (6) continue to work with a family support provider on parenting skills including budgeting, meal planning, and housekeeping.

The petition to terminate the appellant's parental rights was filed on September 12, 1989, and alleged that the appellant had failed to correct the conditions which led to the court's determination that her children were children as described in § 43-247(3)(a).

Following an evidential hearing on November 7, 1989, the trial court found that the State had proved by clear and convincing evidence that the appellant's parental rights should be terminated and that it was in the children's best interests that the appellant's parental rights be terminated.

As to the appellant's compliance or lack of compliance with the plan for rehabilitation, the evidence shows the appellant failed to undergo any drug/alcohol evaluation, that she failed to visit with her children on a consistent basis, that she did not take a parenting class, and that she was hostile and not cooperative with most of the professionals involved in the case. She was unable to take counseling with her husband because he was incarcerated most of the time due to the sexual abuse charges; however, after his release from jail he moved back into her home, and they had not begun counseling at the time of the hearing.

At the time of the termination order, the stepfather had entered a plea of nolo contendere to the charge of sexual abuse and was awaiting sentencing.

The appellant refused to counsel with her daughter and Kroeker because she refused to believe that her daughter had been sexually abused by the stepfather. Even after he had pled no contest to the charges and was about to be sentenced, the appellant continued to deny that the daughter had been abused, and she blamed the child for the problems of the family. The

appellant would have nothing to do with her daughter at any of the visits, rejecting her in front of the other children. The appellant later refused to see the daughter at all because she was so angry that she thought she might strangle the child.

Dr. Rita Parle, who performed an informal psychological evaluation on the appellant, diagnosed the appellant as having a personality disorder not otherwise specified. Dr. Parle testified that this personality disorder would not prevent the appellant from recognizing reality. According to Dr. Parle, the appellant is in touch with reality, but is very stubborn and determined to get what she wants at any cost.

The appellant admitted that she had not complied with provisions (5) and (6) of the plan. She also continued to deny her daughter had been sexually abused even though all of the professionals involved had evaluated the child and believed that she was abused; however, the appellant testified that she would say her daughter was abused if "that's all you want."

Neb. Rev. Stat. § 43-292(6) (Reissue 1988) provides for termination of parental rights when the court finds such action to be in the best interests of the juvenile and "[f]ollowing a determination that the juvenile is one as described in subdivision (3)(a) of section 43-247, and reasonable efforts, under the direction of the court, have failed to correct the conditions leading to the determination." There is no requirement that the parent's failure to comply with the plan for rehabilitation be willful.

> A parent's failure to make reasonable efforts to comply with a court-ordered plan of rehabilitation designed to reunite the parent with the child is an independent reason to justify termination of parental rights, and when a parent is unable or unwilling to rehabilitate herself within a reasonable period of time, the best interests of the child require termination of parental rights.

*In re Interest of V.M.*, 235 Neb. 724, 727, 457 N.W.2d 288, 291 (1990).

At the termination hearing, the witnesses were sequestered. The testimony from the caseworkers and psychologists was that the appellant's denial of her daughter's sexual abuse causes the family to be dysfunctional and that all of the children are at risk

because of the appellant's behavior. No one who testified believed the children could safely be returned home in the near future or that there was much possibility that the mother would ever comply with the plan for rehabilitation. All of the professionals were in agreement that because the appellant's denial of the sexual abuse and the other problems within the family were so deeply entrenched, it would be years before there would be any chance of the children's being returned to the appellant.

The appellant's denial that any sexual abuse had occurred prevented any plan of rehabilitation from succeeding. It is clear from the record that the appellant prefers the company of the abusive stepfather to that of her children.

Under the facts and circumstances of this case, the evidence is clear and convincing that it is in the children's best interests to terminate the appellant's parental rights because she is unwilling to rehabilitate herself within any reasonable period of time. It is very doubtful whether the appellant will ever be able to comply with a plan for rehabilitation. The children " ' "cannot, and should not, be suspended in foster care, nor be made to await uncertain parental maturity." ' " *Id.* at 730, 457 N.W.2d at 292.

The judgment is affirmed.

AFFIRMED.