IN RE INTEREST OF L.P.B., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. T.B., APPELLANT.
467 N.W.2d 687

Filed April 5, 1991.   No. 90-734.

Elizabeth C. Schrock for appellant.

Ronald L. Staskiewicz, Douglas County Attorney, and Terri J. Nutzman for appellee.

Karen L. Vervaecke, Assistant Douglas County Public Defender, guardian ad litem.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

This is an appeal from the termination of the parental rights of T.B. in her child, L.P.B. Following a petition filed on October 11, 1988, the court found that the child was a child within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988) (a child who is without proper support or who is abandoned). On July 16, 1990, a hearing was held on the termination of parental rights. The court found that the child was a child within the meaning of Neb. Rev. Stat. § 43-292(1) (Reissue 1988) (had been abandoned for 6 months or more) and terminated the parental rights.

The mother, on appeal, assigns as error that there was not

sufficient clear and convincing evidence to find the child to be within the meaning of § 43-292(1) and that the evidence did not support a finding that termination of the parental rights was in the best interests of the minor child. We affirm.

In an appeal from a judgment terminating parental rights, the Supreme Court tries the factual issues de novo on the record and reaches a conclusion independent of the findings of the trial court. However, where the evidence is in conflict, the Supreme Court considers and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts rather than another. *In re Interest of K.M.S.*, 236 Neb. 665, 463 N.W.2d 586 (1990). In the absence of any reasonable alternative and as the last resort to dispose of an action brought pursuant to the Nebraska Juvenile Code, termination of parental rights must be by clear and convincing evidence. *In re Interest of K.M.S., supra.* A juvenile's best interests are one of the primary considerations in determining whether parental rights should be terminated as authorized by the Nebraska Juvenile Code. *In re Interest of K.M.S., supra.*

On September 29, 1988, M.B., the grandmother of the minor child, contacted the Omaha Police Division, requesting foster placement for the child. The mother had left the child with the grandmother on September 14 and had not returned for the child. The grandmother already was caring for the mother's two oldest children. The grandmother requested foster placement for the child because she was unable to care for her. The child was, pursuant to that request, removed from the grandmother's care.

The record painstakingly details the many attempts to aid the mother in discharging her parental responsibilities and in assuming the care of this child. These attempts failed to bear fruit.

The child was provided temporary care by the Nebraska Department of Social Services. Visitation rights were granted the mother, with little acceptance of these rights by her. The mother failed to abide by the reunification plan, which required her to establish reasonable visitation; receive a psychological evaluation; maintain adequate and stable employment; secure adequate, independent, and stable housing; attend and

participate in parenting classes; and notify the court of any change of residence, employment, or situation.

At the review hearing scheduled for September 19, 1989, the mother failed to appear, and her whereabouts were unknown. A report by a probation officer indicated that the mother had moved out of the grandmother's home in June 1989, when the mother's boyfriend was released from jail.

The grandmother testified that the mother had visited the child once between June 9, 1989, and December 27, 1989. She also testified that the mother did not provide any emotional, moral, or financial support during that period of time.

The petition alleging abandonment and seeking termination of parental rights was filed on December 27, 1989. The record fully supports a finding of abandonment. The evidence is clear and convincing as to that and that it is in the best interests of the minor child that the parental rights of her mother be terminated. The situation is hopeless.

The judgment of the separate juvenile court is affirmed.

AFFIRMED.