IN RE INTEREST OF C.P., J.P., AND M.P., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. S.P., APPELLANT.

468 N.W.2d 596

Filed April 25, 1991.    No. 90-738.

Elizabeth C. Schrock for appellant.

James S. Jansen, Douglas County Attorney, and Elizabeth G. Crnkovich for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

The mother of three minor children appeals an August 6, 1990, order terminating her parental rights. She assigns as error the failure to prove (1) that she failed to rehabilitate herself as ordered and (2) that termination was in the children's best interests. We affirm.

"This court reviews factual questions de novo on the record in an appeal from a judgment terminating parental rights." *In re Interest of A.B. et al.*, 236 Neb. 220, 221, 460 N.W.2d 114, 115 (1990).

On August 22, 1988, the State filed a petition on behalf of C.P., born July 1, 1983; J.P., born July 31, 1986; and M.P., born September 11, 1987, alleging the children to be within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988), being under 18 years of age and lacking proper parental care by reason of the fault or habits of their custodial mother, namely, alcohol abuse, unemployment, and failure to care for the children. Following the juvenile court's determination that the appellant's children were within the meaning of § 43-247(3)(a), various plans for appellant's rehabilitation were ordered and reviewed at hearings between December 19, 1988, and December 14, 1989. These plans required the appellant to follow the recommendations of counselors and to complete alcohol dependency treatments, to maintain housing and employment, and to visit her children (who were living with her sister) on a regular basis. None of these basic plans were effectively followed by appellant; in fact, she resisted them.

On March 14, 1990, a motion to terminate parental rights was filed pursuant to Neb. Rev. Stat. § 43-292(6) (Reissue 1988), and after notice and hearing, the termination order was entered because reasonable efforts under the court's direction had failed to correct the conditions leading to the court's

involvement with the case. Appellant's main argument on appeal is that she should be given more time to rehabilitate herself.

> A parent's failure to make reasonable efforts to comply with a court-ordered plan of rehabilitation designed to reunite the parent with the child is an independent reason to justify termination of parental rights, and when a parent is unable or unwilling to rehabilitate herself within a reasonable period of time, the best interests of the child require termination of parental rights.

*In re Interest of V.M.*, 235 Neb. 724, 727, 457 N.W.2d 288, 291 (1990).

The children cannot be made to wait indefinitely for the appellant to rehabilitate herself in order to parent them. *In re Interest of V.M., supra.*

We find the evidence is clear and convincing that the appellant failed, and in some instances refused, to comply with the orders of the juvenile court, particularly in that she failed and refused to complete chemical dependency programs; she continued excessive use of intoxicants; she had a poor work record; she did not maintain a home; and she rarely visited her children, who lived with her sister; and, further, that it is in the children's best interests to terminate the appellant's parental rights.

The judgment is affirmed.

AFFIRMED.