IN RE INTEREST OF C.E.E., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. S.A.E., APPELLANT.
469 N.W.2d 782

Filed May 31, 1991.    No. 90-762.

Richard Harter and, on brief, William B. Zastera, Otoe County Public Defender, for appellant.

Max J. Kelch, Otoe County Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The parental rights of the appellant and the father of their son were terminated by the Otoe County Court. The father's appeal was dismissed on January 4, 1991. The mother, who is the appellant, assigned three errors, which can be summarized as follows: (1) The trial court erred in finding that she was afforded a reasonable time in which to comply with the plan of rehabilitation, and (2) the trial court erred in finding there was clear and convincing evidence to support the termination of her parental rights, which was in the best interests of the child.

In an appeal from a judgment terminating parental rights, the Supreme Court tries the factual issues de novo on the record and reaches a conclusion independent of the findings of the trial court. However, where the evidence is in conflict, the Supreme Court considers and may give weight to the fact that the trial court observed the witnesses and accepted one version of the facts rather than another. [Citation omitted.] In the absence of any reasonable alternative and as the last resort to dispose of an action brought pursuant to the Nebraska Juvenile Code, termination of parental rights must be by clear and

convincing evidence. [Citation omitted.] A juvenile's best interests are one of the primary considerations in determining whether parental rights should be terminated as authorized by the Nebraska Juvenile Code. [Citation omitted.]

*In re Interest of L.P.B.*, 237 Neb. 806, 807, 467 N.W.2d 687, 688-89 (1991); *In re Interest of K.M.S.*, 236 Neb. 665, 463 N.W.2d 586 (1990); *In re Interest of C.A.*, 235 Neb. 893, 457 N.W.2d 822 (1990).

The record shows that the child was born on May 28, 1987. On May 6, 1988, he was removed from the family home and placed with the Nebraska Department of Social Services. He has remained in the custody of the department since that date.

A juvenile petition was filed on May 6, 1988. Between May 1988 and February 1989, the department and the parents unsuccessfully attempted to resolve the matter without an adjudication. On February 22, 1989, the parents both admitted the allegations of the petition, and the child was found to be a juvenile within Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988). On May 24, 1989, the child was formally placed in the custody of the department, and an evidential hearing was ordered to determine the corrective measures required to rehabilitate the parents. A plan of rehabilitation was adopted and ordered by the court on June 14, 1989. Under the plan, the appellant was required to (1) attend marital counseling; (2) obtain counseling for (a) parenting skills, (b) discipline and guidance of children, (c) coping with stress, (d) marital strife, (e) finances, and (f) individual improvement; (3) maintain suitable employment; (4) obtain adequate housing, maintain suitable housekeeping standards, and cooperate with the conducting of a home study; (5) develop a monthly budget; (6) abstain from the use of alcohol; (7) complete an alcohol codependency program; (8) maintain stable living conditions and obtain the department's approval before moving; (9) visit the child at least once a week; and (10) assist in supporting him by paying $50 each week to the clerk of the district court.

A motion to terminate parental rights was filed, and evidence was heard on August 1 and 22, 1990. On August 24, 1990, the court terminated the father's and the appellant's

parental rights. The trial court found that the State had shown by clear and convincing evidence that both parents had willfully failed to comply with the plan and that it was in the best interests of the child that the parental rights be terminated.

The evidence shows that the appellant failed to comply with any of the provisions of the plan except for two: (5) developing a monthly budget and (9) visiting the child once a week. The appellant admitted that she had not complied with provisions (1), (2), (3), (6), (7), (8), and (10) of the plan. Regarding provision (4), suitable housekeeping standards, a family support worker with the department testified that the surroundings provided for the child were unsafe and unhealthy. The support worker noted that there were always dirty dishes and dirty clothes lying around and that there were dog feces on the floor.

At the termination hearing, the appellant offered little explanation for her failure to comply with the plan other than a lack of financial ability. In rebuttal, the support worker testified that the appellant was informed that she probably could attend counseling free because of her financial situation. Further, the support worker noted that she encouraged the appellant weekly to participate in parental counseling; alcohol counseling; alcohol codependency programs; counseling for the discipline and guidance of children, coping with stress, marital strife, and finances; and individual counseling. The appellant, however, failed to make any effort to comply with the rehabilitation plan.

Neb. Rev. Stat. § 43-292(6) (Reissue 1988) provides for termination of parental rights when the court finds such action to be in the best interests of the juvenile and "[f]ollowing a determination that . . . reasonable efforts, under the direction of the court, have failed to correct the conditions leading to the determination."

A parent's failure to make reasonable efforts to comply with a court-ordered plan of rehabilitation designed to reunite the parent with the child is an independent reason to justify termination of parental rights, and when a parent is unable or unwilling to rehabilitate herself within a reasonable period of time, the best interests of the child

require termination of parental rights.
*In re Interest of V.M.*, 235 Neb. 724, 727, 457 N.W.2d 288, 291 (1990).

The appellant argues that she was not given a reasonable amount of time in which to comply with the rehabilitation plan. The juvenile petition was filed on May 6, 1988. Between that date and February 1989, the department worked with the appellant to resolve the matter without an adjudication. When those efforts proved unsuccessful, an adjudication hearing was held on February 22, 1989, and the child was found to be a juvenile within § 43-247(3)(a). A plan of rehabilitation was adopted on June 14, 1989. Over 1 year 2 months later, the appellant had exhibited very little if any willingness to comply with the court-ordered plan. She failed to attend parental, personal, and alcohol counseling programs as required by the plan. She neglected to advise the social workers when she moved to a different location. She failed to obtain any type of employment. She had the opportunity to become involved in a vocational rehabilitation program, but left after a short period. She has never taken any responsibility to support her son. The fact is that the appellant failed to show any willingness to rehabilitate herself within a reasonable period of time.

The child is now 4 years old. He has spent the last 3 years of his life in foster care. A child " 'cannot, and should not, be suspended in foster care, nor be made to await uncertain parental maturity.' " *In re Interest of R.W.*, 236 Neb. 420, 429, 461 N.W.2d 545, 551 (1990) (quoting *In re Interest of C.N.S. and A.I.S.*, 234 Neb. 406, 451 N.W.2d 275 (1990)).

From our de novo review of the record, we find that the evidence is clear and convincing that it is in the best interests of the child to terminate the parental rights of the appellant because of her unwillingness to rehabilitate herself, although she was afforded a reasonable amount of time in which to comply with the rehabilitation plan.

The order terminating the parental rights of the appellant is affirmed.

AFFIRMED.